United States District Court
For the Northern District of California

\* E-filed 4/10/08 \*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DWIGHT WATSON; DANIEL FARIAS; LAUREN WATSON; and NICOLE WATSON,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN ALBIN; DAVID MENDEZ; FRANK ST. CLAIR; MIKE D'ANTONIO; MIKE RUBINO; SANTA CLARA COUNTY; STATE OF CALIFORNIA, and DOES 1-50,<br><br>Defendants. | No. C-06-07767 RMW<br><br>**ORDER ON PLAINTIFFS' MOTION TO COMPEL**<br><br>Re: Docket No. 76 |

The allegations in plaintiffs' complaint stem from a probation search conducted by the Santa Clara County Specialized Enforcement Team. Plaintiffs now move to compel the deposition of Officer Mecir, commanding officer in charge of the probation search. They also move to compel documents from Mecir. This matter is deemed appropriate for determination without oral argument. *See* Civil Local Rule 7-1(b). Accordingly, the April 15, 2008 hearing is VACATED and the motion will now be decided on the papers submitted.

**I.      MOTION TO COMPEL DEPOSITION**

*Procedural Background*

Since this case was filed, several defendants have been dismissed - either by court action or by stipulation of the parties.[1] Thus, the only remaining defendants are agents Glenn Albin, David Mendez, Mike D'Antonio, and Mike Rubino. Prior to being dismissed from this case, the State of California served initial disclosures indicating that Mecir was an individual likely to have discoverable information. The disclosure did not provide Mecir's contact information, but stated that he could be contacted through the Attorney General's (AG) Office. Because of its representation of defendant Mike Rubino, the AG's Office remained counsel in this action even after the State was dismissed.

*Factual Background of Dispute*

The discovery cutoff is February 29, 2008. One month before the cutoff, plaintiffs served the AG's Office with a notice for the deposition of Mecir (who has never been a party to this action) and Rubino. The notice set the depositions for February 26. On February 25, counsel at the AG told plaintiffs that Mecir would not be attending the deposition because he had not been subpoenaed. Shortly thereafter, plaintiffs sought contact information for Mecir from the AG. On February 26, Mecir was served with a subpoena commanding his appearance at a deposition on March 7 (ten days after service of the subpoena and one week after the close of discovery). Thereafter, the AG's Office again notified plaintiffs that Mecir would not be appearing at March 7 deposition.

Defendants argue that the ten-day notice period was not reasonable and that plaintiffs could not unilaterally set a deposition outside of the discovery period. Plaintiffs counter that ten days is typically presumed reasonable notice. *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005). Further, they say that Mecir had notice of plaintiffs' intent to take this deposition as early as January 29 and that the only reason for the delay was due to

---

[1] The court granted the State of California's motion to dismiss. *See* Docket No. 32, C-06-07767-RMW (N.D. Cal. May 24, 2007). Plaintiffs have since stipulated to dismiss Santa Clara County and Frank St. Clair. *See* Docket Nos. 97, 98 (March 26, 2008).

2

defense counsel's last-minute objection to the form of the deposition notice. Plaintiffs explain that the deposition was noticed outside of the discovery period as a result of the late objection and the need to provide sufficient notice.

*Discussion*

Even though a subpoena was technically required to depose non-party witness Mecir, plaintiffs' mistake in not doing so was understandable given the AG's Office initial disclosure indicating that Mecir could be contacted through them. Furthermore, compelling this deposition does not prejudice defendants since they have effectively been on notice of plaintiffs' intent to take it since the end of January. Of particular note are plaintiffs' efforts to remedy the "error" quickly and reasonably after defendants told plaintiffs they were requiring a subpoena.

Thus, the motion to compel the deposition of Officer Mecir is GRANTED. To find otherwise would elevate form over substance, something this court is not inclined to do. Discovery shall be reopened for the limited purpose of conducting the deposition, which shall be held as soon as a mutually agreeable time can be arranged.

## II.     MOTION TO COMPEL DOCUMENTS

The parties inform the court that this aspect of the motion has been resolved. Accordingly, it is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  4/10/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Jennifer C. Addams jennifer.addams@doj.ca.gov, chere.deuel@doj.ca.gov

Mark F. Bernal mark.bernal@cco.sccgov.org

Michael J. Dodson cao.main@sanjoseca.gov

Wilfred T. Fong wil.fong@doj.ca.gov

James Thomas Gotch gotchj@stubbsleone.com

Sunil R. Kulkarni skulkarni@mofo.com, msousa@mofo.com

Claudia Leed leedc@stubbsleone.com, suttonk@stubbsleone.com

Louis A. Leone lleone@stubbsleone.com, suttonk@stubbsleone.com

Mark William Martel markmartel@aol.com

Timothy James Schmal , Esq TSchmal@bvsllp.com, jpl@bvsllp.com

KC Waldron kcwaldron@mofo.com, klarson@mofo.com


\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  4/10/08

/s/ KRO
Chambers of Magistrate Judge Lloyd

4