*  E-filed 4/30/08 *

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DWIGHT WATSON; DANIEL FARIAS; LAUREN WATSON; and NICOLE WATSON,<br><br>Plaintiffs,<br><br>v.<br><br>GLENN ALBIN; DAVID MENDEZ; FRANK ST. CLAIR; MIKE D'ANTONIO; MIKE RUBINO; SANTA CLARA COUNTY; STATE OF CALIFORNIA, and DOES 1-50,<br><br>Defendants. | No. C-06-07767 RMW<br><br>**INTERIM ORDER ON DEFENDANTS' MOTION TO COMPEL**<br><br>Re: Docket Nos. 84 |

The allegations in Plaintiffs' complaint stem from a probation search conducted by the Santa Clara County Specialized Enforcement Team. The Plaintiffs are Dwight Watson and his three children: Daniel Farias, Lauren Watson and Nicole Watson. A jury trial is set to begin on May 19, 2008. Defendants move to compel discovery and for attorney's fees. These motions will not be decided at this time, but an interim order is required because of the short period of time before the start of trial.

//

1    Following the probation search, Watson was incarcerated in a Santa Clara County jail. One
2 of the Defendants (who has since been dismissed) issued a subpoena to the Santa Clara County
3 Department of Corrections for release of telephone records made by Watson to his family's
4 residence. The department objected to the subpoena on the basis that the conversations may
5 contain privileged information. Thereafter, the parties agreed to have the recordings of the
6 conversations released to Plaintiffs' counsel to review them for "attorney-client privileged or
7 personal privacy communications." After that review, Plaintiffs withheld certain conversations on
8 the basis of privilege. The withheld recordings are the subject of the motion to compel.

**Attorney-Client Privilege Redactions**

10   Five conversations were not produced on the basis of attorney-client privilege. Defendants
11 first argued that this was improper because no attorney was present. But, Plaintiffs explained that
12 even without counsel present, the conversations were privileged under the "joint prosecutorial
13 privilege." This privilege applies when parties share a common legal interest. *See Hewlett-*
14 *Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D. 308, 310-312 (N.D. Cal. 1987).

15   Plaintiffs say that the conversations are between Dwight Watson and Daniel Farias (co-
16 plaintiffs) and that they pertain to advice from their legal counsel. Defendants concede that if the
17 conversations are between co-plaintiffs and consist of communications concerning legal advice,
18 then the privilege would apply. However, since Defendants cannot review the materials to
19 determine if Plaintiffs' representations concerning the conversations are accurate, they request an *in*
20 *camera* review of the recordings.

21   The court agrees that such a review is appropriate. Accordingly, Plaintiffs shall produce the
22 recordings (in an appropriately accessible format) and transcripts of these five conversations by the
23 end of the business day on May 2, 2008.

24   **IT IS SO ORDERED.**

Dated: 4/30/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Jennifer C. Addams jennifer.addams@doj.ca.gov, chere.deuel@doj.ca.gov

Mark F. Bernal mark.bernal@cco.sccgov.org

Michael J. Dodson cao.main@sanjoseca.gov

Wilfred T. Fong wil.fong@doj.ca.gov

James Thomas Gotch gotchj@stubbsleone.com

Sunil R. Kulkarni skulkarni@mofo.com, msousa@mofo.com

Claudia Leed leedc@stubbsleone.com, suttonk@stubbsleone.com

Louis A. Leone lleone@stubbsleone.com, suttonk@stubbsleone.com

Mark William Martel markmartel@aol.com

Timothy James Schmal , Esq TSchmal@bvsllp.com, jpl@bvsllp.com

KC Waldron kcwaldron@mofo.com, klarson@mofo.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  4/30/08

                                      /s/ KRO
                                Chambers of Magistrate Judge Lloyd