*E-filed 4/30/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DWIGHT WATSON; DANIEL FARIAS; LAUREN WATSON; and NICOLE WATSON, <br><br> Plaintiffs, <br><br> v. <br><br> GLENN ALBIN; DAVID MENDEZ; FRANK ST. CLAIR; MIKE D'ANTONIO; MIKE RUBINO; SANTA CLARA COUNTY; STATE OF CALIFORNIA, and DOES 1-50, <br><br> Defendants. | No. C-06-07767 RMW <br><br> **ORDER ON PLAINTIFFS' MOTION TO COMPEL** <br><br> Re: Docket No. 89 <br> *(originally Docket No. 79)* |

The allegations in plaintiffs' complaint stem from a probation search conducted by the Santa Clara County Specialized Enforcement Team. The plaintiffs are Dwight Watson and his three children: Daniel Farias, Lauren Watson and Nicole Watson. The only remaining defendants are agents Glenn Albin, David Mendez, and Mike D'Antonio. A jury trial is set to begin on May 19, 2008. Plaintiffs now move to compel production of discovery related to Officer Glenn Albin. Having considered the papers and arguments of counsel, the court orders as follows:

Through discovery, Plaintiffs sought all documents that reference or relate to complaints that Officer Albin used excessive force, made untrue statements in a police report, or showed prejudice toward a person because of his or her race. See Request for Production of Documents 1-2; also see Subpoena to the San Jose Police Department Custodian of Records, Requests 1-3. Albin objects to producing any responsive documents on the grounds of official information privilege, right to privacy, and California law.[1] He seeks *in camera* review to determine which documents should be produced.

*Legal Standard*

This court recognizes a right of privacy respecting confidential law enforcement records. Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Soto v. City of Concord, 162 F.R.D. 603 (N.D. Cal. 1995). When assessing the confidentiality of such records court utilize a "case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interest of the governmental entity asserting the privilege." Kelly, 114 F.R.D. at 661. If an individual's privacy is at stake, courts balance "the need for the information sought against the privacy right asserted." Soto, 162 F.R.D. at 616. However, "a carefully drafted protective order could minimize the impact" of disclosure. Id.

For official information privilege, this court uses the Kelly five prong standard. A party seeking non-disclosure must submit an affidavit from an agency official which includes the following: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material; (3) specific identification of the governmental or privacy interests threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would still create a substantial risk of harm to significant governmental or

---

[1] California Penal Code requires law enforcement agencies to investigate complaints against officers and retain these confidential records as part of the officer's personnel records. See Cal. Pen. Code § 832.5, 832.7. Absent a court order, government employers may face criminal penalties for disclosing records. Cal. Pen. Code § 832.7. A federal court order will protect the County from any criminal penalties associated with releasing personnel files. Therefore, this Court does not apply California law to the instant motion.

2

privacy interests; and finally, (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. Id. at 670. If the defendant's submissions are sufficient, the court will order an *in camera* review and offer defendant the opportunity to submit a brief and additional supporting material.  If the defendant's submissions are insufficient, then the court will order disclosure of the documents. Id. at 671.

*Discussion*

Albin relies on the declaration of Lieutenant Larry Esquivel to meet the Kelly elements. Plaintiffs say that the declaration is insufficient to meet Kelly's "substantial threshold showing."  As such, they say *in camera* review is unnecessary and responsive documents should be produced.

*First and Second Prongs:* Plaintiffs admit that the first two Kelly elements are satisfied.

*Third Prong:* Albin's showing under the third requirement, dealing with specification of the interests threatened by disclosure, is underwhelming.  He says that the privacy interests of the police officers identified in the records are implicated by disclosure and that the court should be particularly sensitive when officer witness statements were compelled by superiors.  Albin also argues that the conclusions of the Internal Affairs Unit (IAU) officers should not be permitted because disclosure will discourage exhaustive investigations and candid analysis.  Finally, Albin says that disclosure of statements from members of the public should not be allowed because it will discourage witnesses from coming forward with information.

*Fourth Prong:* With respect to the fourth element, Lt. Esquivel claims that a carefully crafted protective order would be insufficient because disclosure would still discourage exhaustive investigation of incidents and because members of the public would be less likely to come forward with information.  No protective order is currently in place to cover the production of these records.

*Fifth Prong:* Under this requirement, the defendants were to project how much harm would be done to the threatened interests if disclosure is permitted.  Instead of responding to that element, the declaration of Lt. Esquivel asserts that the following harms will result if disclosure is permitted: disclosure of identification and personal data of officers involved, names of witnesses would be improperly disclosed.  It appears that Albin is again arguing that the quality of IAU investigation of

3

1  citizenship complaints could decrease and that the public would be discouraged from revealing
2  information.
3       Albin's arguments that disclosure would discourage exhaustive internal investigations are
4  unpersuasive.  Courts in this district have previously rejected such claims, and there is no reason to
5  depart from that reasoning here.  See <u>Kelly</u>, 114 F.R.D. at 672 and <u>Soto</u>, 162 F.R.D. at 613-14.
6  Furthermore, claims pertaining to the privacy interests of police officers are closely scrutinized
7  when the documents at issue are related to the officers' work with the police department.  See <u>Soto</u>,
8  162 F.R.D. at 616 (suggesting that internal investigation files are not protected by right of privacy
9  when documents "related simply to the officers' work as police officers") (citing <u>Denver
10 Policemen's Protective Ass'n v. Lichtenstein</u>, 660 F.2d 432, 435 (10th Cir. 1981)).  In addition to
11 these deficiencies under the <u>Kelly</u> threshold showing, Albin has not met the fifth requirement.
12 Accordingly, Defendant shall produce all relevant, responsive documents within his possession,
13 custody or control.  This production will be subject to an appropriate protective order.[2]
14      However, because there is merit to Defendants' concerns as to the disclosure of names of
15 public witnesses and officers named in the records with no ties to this case, some redactions will be
16 permitted.  Officer Albin may redact the following from the documents produced: any personally
17 identifying information, including names, of public witnesses (other than Plaintiffs) and of police
18 officers (other than Albin).  The motion to compel is thus GRANTED IN PART.

20 **IT IS SO ORDERED.**

22 Dated:  4/30/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] **The parties shall file a proposed protective order to cover the production of these documents by the end of the business day on May 2, 2008.** Since the trial is set to begin in a few weeks, Albin will be required to turn over the documents very shortly after the protective order is signed (a deadline will be included in that order).

4

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Jennifer C. Addams jennifer.addams@doj.ca.gov, chere.deuel@doj.ca.gov

Mark F. Bernal mark.bernal@cco.sccgov.org

Michael J. Dodson cao.main@sanjoseca.gov

Wilfred T. Fong wil.fong@doj.ca.gov

James Thomas Gotch gotchj@stubbsleone.com

Sunil R. Kulkarni skulkarni@mofo.com, msousa@mofo.com

Claudia Leed leedc@stubbsleone.com, suttonk@stubbsleone.com

Louis A. Leone lleone@stubbsleone.com, suttonk@stubbsleone.com

Mark William Martel markmartel@aol.com

Timothy James Schmal , Esq TSchmal@bvsllp.com, jpl@bvsllp.com

KC Waldron kcwaldron@mofo.com, klarson@mofo.com

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  4/30/08

                                               /s/ KRO
                                    Chambers of Magistrate Judge Lloyd